UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-60640-PAS

**COCONUT KEY HOMEOWNERS ASSOCIATION, INC.**, a Florida Non-Profit Corporation

    Plaintiffs,

v.

**LEXINGTON INSURANCE COMPANY, a corporation authorized and doing business in Florida,**

    Defendant.
_____/

## DEFENDANT'S, LEXINGTON INSURANCE COMPANY, MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, LEXINGTON INSURANCE COMPANY ("LEXINGTON"), by and through its undersigned counsel, hereby moves this Honorable Court for entry of Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support thereof states as follows:

### INTRODUCTION

The instant civil action arises out of a claim by Coconut Key Homeowners Association, Inc., under commercial wind insurance policy for alleged covered damage incurred in Hurricane Wilma on October 24, 2005. Plaintiff filed a Complaint against Lexington for breach of contract in the 17th Judicial Circuit of the State of Florida for Broward County, case number 08-12380 CACE 21, styled as *Coconut Key Homeowners Ass'n v. Lexington Insurance Company*.

Lexington, however, maintains that Plaintiff is in material breach of the subject insurance policy as it relates to the individual units which, to date, have yet to be made available for inspection by Defendant. In fact, said units were purportedly made available on two separate occasions, yet were inaccessible on both instances. Permitting Defendant's inspection of allegedly damaged property is a condition precedent to recovery under the subject insurance policy. As such, Plaintiff is in material breach of the insurance policy as to the units which have not been made available, thereby relieving Lexington of any obligation to indemnify Plaintiff for any damage to same.

## UNDISPUTED FACTS

1. Plaintiff is a scheduled property included in Lexington Policy No. 3806974 with effective dates of June 01, 2005 through June 01, 2006. See Lexington's policy with Associations, Inc., attached hereto as **Exhibit "A."**

2. Plaintiff submitted a claim to Lexington alleging that, on or about October 24, 2005, its property sustained damages as a result of Hurricane Wilma. See Plaintiff's Complaint (D.E. 1 at Exhibit "A").

3. Said policy includes the following provision (see Lexington's policy with Associations, Inc., previously attached as Exhibit "A."):

\*     \*     \*

### 3. Duties In The Event Of Loss Or Damage

You must see that the following are done in the event of loss or damage to Covered Property:

\*     \*     \*

    f. Permit us to inspect the property and records proving the loss or damage. Also permit us to take samples of damaged property for inspection, testing and analysis.

4. Exercising their rights under the subject insurance policy, Lexington requested that the Plaintiff permit inspection of the property. The first such request for re-inspection of property was scheduled for July 14 through July 19, 2008 at which point only approximately fifty percent (50%) of the units were made available for inspection. See "Letter to Coconut Key Homeowners Association c/o Keith Lambdin, Esq." dated June 17, 2008, attached hereto as **Exhibit "B,"** See confirming email from Dawn Marie Dietz, dated June 24, 2008, attached hereto as **Exhibit "C,"** see Affidavit of Seric J. Fallon attached hereto as **Exhibit "D."**

5. A second request for inspection of property was scheduled for January 19 through January 22, 2009, for the purpose of Defendant's inspection of the units not available for inspection in July of 2008. See Plaintiff's "Inspection Schedule," attached hereto as **Exhibit "E,"** see Affidavit of Seric J. Fallon, previously attached hereto as Exhibit "D."

6. Notwithstanding the schedule prepared by Plaintiff, the following units were, again, inaccessible to Defendant's inspection team: 104, 106, 112, 114, 151, 159, 202, 205, 214, 256, 265, 274, 276, 303, 307, 309, 321, 323, 325, 329, 335, 4708, 4710, 4724, 4726, 4730, 4751, 4752, 4757, 4758, 4759, 4760, 4771, 4774, 4805, 4811, 4812, 4820, 4828, 4900, 4902, 4904, 4910, 4923, 4926, 4927, 4928, 4933, 4934, 4935, and 4956. See "Letter to Keith J. Lambdin, Esq.," dated February 20, 2009, attached hereto as **Exhibit "F,"** see Affidavit of Seric J. Fallon, previously attached hereto as Exhibit "D."

7. The units which have not been made available make up just shy of twenty five percent (25%) of the approximately two hundred 200 units at COCONUT KEY. See "Coconut Key Schedule of Inspections" dated July 14, 2008, attached hereto as **Exhibit "G,"** see Affidavit of Seric J. Fallon, previously attached hereto as Exhibit "D."

8. Plaintiff was aware that failure and/or refusal to cooperate with the inspection requests will be construed as a desire to opt out of the inspections and recovery of any monetary funds. See "Letter to All Members" dated January 7, 2009, attached hereto as **Exhibit "H."**

9. In fact, Plaintiff placed its membership on notice that the failure to allow inspection would result in their not being included in the insurance claim at issue in this litigation. See "Letter to All Members" dated January 7, 2009 at ¶4, previously attached hereto as Exhibit "H."

## MEMORANDUM OF LAW

### I. Standard of Review for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Industrial Partners, Ltd. v. CSX Transp., Inc., 974 F.2d 153 (11th Cir. 1992). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about

the facts in favor of the nonmovant," United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America, 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Likewise, a dispute about a material fact is a "genuine" issue" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Posely v. Eckerd Corp., 433 F. Supp. 2d 1287, 1297-1298 (S.D. Fla. 2006).

## II.   Plaintiff's failure to make 25% of its units available for inspection relieves Defendant of any coverage obligation it may otherwise have held.

Pursuant to Florida law, a court is to look to the face of an insurance policy to construe its meaning. State Farm Fire and Casualty Company v. Metropolitan Dade County, 639 So.2d 63 (Fla. 3rd DCA), review denied 649 So.2d 234 (1994).

> A court may resort to construction of a contract of insurance only when the language of the policy in its ordinary meaning is indefinite, ambiguous or equivocal. If the language employed in the policy is clear and unambiguous, there is no occasion for construction of the exercise of a choice of interpretations. In the absence of ambiguity . . . it is the function of the court to give effect to and enforce the contract as it is written.

Id., at 65. Thus, where the language of an insurance policy is clear and unambiguous on its face, the policy must be given full effect. Id.; see also State Farm Mut. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986).

Further, under Florida law, the failure to satisfy such contractual post-loss duties relieves the insurer of its obligations under the contract. See Starling v. Allstate Floridian Ins. Co., 956 So. 2d 511 (Fla. 5th DCA 2007). See also, Schnagel v. State Farm Mut. Auto. Ins. Co., 843 So. 2d 1037 (Fla. 4th DCA 2003)(trial court granted motion for summary judgment for the insurer based on alleged breach of the policy's cooperation clause, where the insured had provided some, but not all, of the documents requested by the insurer.); Goldman v. State Farm Fire General Insurance Co., 660 So. 2d 300 (Fla. 4th DCA 1995)(a provision in an insurance policy requiring the insured to submit to an examination under oath must be complied with, and, if breached, reieves the insurer of its coverage obligations.); United States Fidelity & Guaranty Co. v. Romay, 744 So. 2d 467 (Fla. 3d DCA 1999)(policy provisions placing post loss obligations upon insureds to submit to examination under oath are not unduly burdensome or arbitrary and are enforceable). The prevailing rule is that compliance with an insured's contractual post loss duties will be considered a condition precedent to recovery, even if the policy does not contain an express statement to this effect. American Fire & Casualty Co. v. Collura, 163 So. 2d 784, 791 (Fla. dist. Ct. App. 2d Dist. 1964).

Here, under the clear and unambiguous terms of the policy of insurance under which the Plaintiff seeks relief, Plaintiff was required to comply with the following:

### 3. Duties In The Event Of Loss Or Damage

> You must see that the following are done in the event of loss or damage to Covered Property:
>
> g. Permit us to inspect the property and records proving the loss or damage. Also permit us to take samples of damaged property for inspection, testing and analysis.

(See Exhibit "A" at CP0010, p. 6.)

This provision clearly placed COCONUT KEY on notice that the policy requires that LEXINGTON be allowed to inspect the entirety of damaged property. Such an inspection is Defendant's only means of evaluating any damage which may exist, and to determine whether such possible damage is covered under the terms of the policy. However, as is made clear in the statement of undisputed facts, *supra*, Plaintiff has failed, despite multiple scheduled inspection requests on the part of LEXINGTON, to fulfill hits contractual post-loss duty. Resultantly, to date, LEXINGTON has not been afforded the opportunity to evaluate the damage which Plaintiff claims exists in the subject units.

Accordingly, partial summary judgment must be entered in favor of LEXINGTON as Plaintiff failed to comply with a clear and unambiguous condition precedent to recovery under the subject policy, thereby severely prejudicing Defendant's evaluation of this aspect of the loss and damage being claimed by COCONUT KEY. LEXINGTON is entitled to the entry of partial summary judgment as to units 104, 106, 112, 114, 151, 159, 202, 205, 214, 256, 265, 274, 276, 303, 307, 309, 321, 323, 325, 329, 335, 4708, 4710, 4724, 4726, 4730, 4751, 4752, 4757, 4758, 4759, 4760, 4771, 4774, 4805, 4811, 4812, 4820, 4828, 4900, 4902, 4904, 4910, 4923, 4926, 4927, 4928, 4933, 4934, 4935, and 4956.

Case 0:08-cv-60640-PAS Document 59 Entered on FLSD Docket 06/12/2009 Page 8 of 9

*Coconut Key HOA v. Lexington Ins. Co,*
*CASE NO.: 08-CV-60640-PAS*
*Page 8 of 9*

## CONCLUSION

**WHEREFORE**, Defendant, LEXINGTON, respectfully requests this Honorable Court enter partial summary judgment in its favor and grant any other such relief as it deems just and proper.

Respectfully Submitted,

**BERK, MERCHANT & SIMS, PLC**

**/s/ SERIC J. FALLON**
William S. Berk, Esq.
wberk@berklawfirm.com
Florida Bar No.: 349828
Melissa M. Sims, Esq.
msims@berklawfirm.com
Florida Bar No.: 85936
Seric J. Fallon, Esq.
sfallon@berklawfirm.com
Florida Bar No.: 40979
2100 Ponce De Leon Blvd., PH1
Coral Gables, Florida 33134
Phone: (786) 338-2878
Fax: (786)338-2888

BERK, MERCHANT & SIMS
2100 PONCE DE LEON BOULEVARD, PH1 • CORAL GABLES, FLORIDA 33134 • PHONE: 786.338.2900 • FAX: 786.338.2888

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Keith J. Lambdin, Esq.
Florida Bar No.: 796999
klambdin@askthefirm.com
John D. Mallah, Esq.
Florida Bar No.: 457760
jmallah@askthefirm.com
Katzman Garfinkel
300 N. Maitland Avenue
Maitland, FL 32751
Telephone:   407-539-3900
Facsimile    407-539-0211
**Attorneys for Plaintiff**

/s/ SERIC J. FALLON
Seric J. Fallon